IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN DOE, | Case No. 1:16-cv-00987-MRB |
| Plaintiff, | JUDGE MICHAEL R. BARRETT |
| v. | REPLY TO RESPONSE TO MOTION FOR INTERIM FEE AWARD |
| UNIVERSITY OF CINCINNATI, ET AL | |
| Defendants | |

Plaintiff John Doe respectfully submits this Reply to the Response to Plaintiff's Motion for an Interim Fee Award. Plaintiff seeks interim fees in the amount of $46,381.00 and expenses in the amount of $771.52, for a total request of $47,152.52.

ARGUMENT

A. **Plaintiff Is A Prevailing Party For Purposes Of Obtaining An Interim Fee Award**

Plaintiff initially observes that if the Court grants Plaintiff's Motion for Partial Summary Judgment, this issue is moot. In that situation, Plaintiff intends to submit an addition request for fees and costs incurred subsequent to the filing of this Motion.

Defendants suggest that Plaintiff's Motion is premature on the basis of *Sole v. Wyner*, 551 U.S. 74 (2007), and *McQueary v. Conway*, 614 F.3d 591 (6th Cir. 2010). This is incorrect. In *Sole*, the United States Supreme Court clarified that plaintiffs who achieve a fleeting victory in the form of a preliminary injunction that is "reversed, dissolved, or otherwise undone by the final decision in the same case" are not entitled to prevailing party status. 551 U.S. at 83. This Court has previously observed that the *Sole* decision was based a unique set of facts. *Gamble v. Ohio Dept. of Job & Family Servs.*, S.D.Ohio No. 1-03-cv-452, 2007 U.S. Dist. LEXIS 80078, at *12-13 (Oct. 16, 2007). In *Sole,* unlike in this case, the

1

preliminary injunction hearing was "hasty and abbreviated" and held "one day after the complaint was filed." Unlike in this case, in *Sole* the state had "little opportunity to oppose" the motion for a preliminary injunction, no discovery was conducted, no witnesses testified, and counsel for the defendant appeared only by phone. 551 U.S. at 84. The Supreme Court observed that the provisional relief "expired before appellate review could be gained, and the court's threshold ruling would have no preclusive effect in the continuing litigation." *Id.* In fact, Defendants' conclusory arguments were actually rejected by the Sixth Circuit case they cite: *McQueary*. In *McQueary*, the court specifically rejected the idea that success on this interim relief "never suffices" to qualify as a prevailing party. Instead, the *McQueary* court focused on whether the relief "materially changed the relationship between the parties; and the preliminary injunction turned at least in part on the district court's assessment of the merits." 614 F.3d at 598.

The Sixth Circuit, in a decision citing *Sole*, has reaffirmed the ability of plaintiffs, in certain circumstances, to obtain interim fee awards following the grant a preliminary injunction:

> A district court may award interim attorney's fees during the pendency of litigation when that court has "entered a concrete order that determines substantial rights of the parties, meaning when a party has prevailed on the merits of at least some of his claims."

Bazzetta v. McGinnis, 290 F.App'x 905, 909 (6th Cir.2008), *quoting Webster v. Sowders*, 846 F.2d 1032, 1036 (6th Cir. 1988). Accordingly, the Sixth Circuit's observation that that a party can be a "prevailing party" for having secured a preliminary injunction, in those situations where the injunction "represents 'an unambiguous indication of probable success on the merits, and not merely a maintenance of the *status quo* ordered because the balance of equities greatly favors the plaintiff'" remains good law. *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 753-54 (6th Cir. 2002), *quoting Webster*, 846 F.2d at 1036. *Cf. Binta B. v. Gordon*, 710 F.3d 608, 625 (6th Cir. 2013) (a "judicially sanctioned change in the parties' legal relationship through a consent decree can be the basis of a plaintiff's prevailing party status for purposes of § 1988").

The *Sole* decision applies only to those situations where the injunctive relief is of a 'procedural' nature, designed to preserve the *status quo* primarily on the basis of the balance of the equities and not a substantial likelihood of success on the merits. For example, in the post-*Sole* case *Coalition to Defend Affirmative Action v. Regents of the Univ. of Michigan*, 719 F.Supp.2d 795 (E.D.Mich. 2010), the court found that a plaintiff was a prevailing party even though he was ultimately dismissed from the case. As in this case, in *Coalition to Defend Affirmative* the court of appeals considered an appeal of preliminary relief granted and "delved deeply into the merits of the case." The plaintiff was a prevailing party because the court of appeals' "decision cannot fairly be characterized as a mere procedural ruling." 719 F.Supp.2d 795, 800-801.

**B.     Plaintiff Is Entitled To An Award Of $47,152.52.**

Defendants do not contest the underlying basis for Plaintiff's fee request. In particular:

- Defendants do not contest that the rates sought by Plaintiff are appropriate.
- Defendants do not submit any expert opinion to contradict the Affidavit of Michael Allen the fees requested are reasonable. Allen concluded:

> I have reviewed the time entries for this matter prepared by Engel and Tamashsky. In my opinion, the time entries are all necessary and proper for this type of litigation. I believe that the case was handled efficiently with no apparent excessive work.

(Aff. of Michael Allen ¶5.)

Proof of the reasonableness of Plaintiff's request is seen by comparing to the fees charged by Defendants' counsel. Defendants' fees are public records, and are well in excess (approximately 38% more) of the amount sought by Plaintiff in this case:

3

| | | | | | |
|---|---|---|---|---|---|
| | | DOE, JOHN ▓▓▓ | v UC | | |
| | | US District Court, Case No. 1:16-cv-987 | | | |
| Taft Stettinius & Hollister | 11/10/2016 Oct 2016 | 2946789 | Title IX Litigation - John Doe | 6621 | $5,950.00 |
| Taft Stettinius & Hollister | 12/12/2016 Nov 2016 | 2962567 | Title IX Litigation - John Doe | 6621 | $6,905.45 |
| Taft Stettinius & Hollister | 1/10/2017 Dec 2016 | 2975791 | Title IX Litigation - John Doe | 6621 | $8,823.20 |
| Taft Stettinius & Hollister | 2/6/2017 Jan 2017 | 2987584 | Title IX Litigation - John Doe | 6621 | $5,897.80 |
| Taft Stettinius & Hollister | 3/10/2017 Feb 2017 | 3000160 | Title IX Litigation - John Doe | 6621 | $6,814.25 |
| Taft Stettinius & Hollister | 5/4/2017 Apr 2017 | 3023490 | Title IX Litigation - John Doe | 6621 | $75.15 |
| | | | Total FY 2017 | | $34,465.85 |
| Taft Stettinius & Hollister | 8/9/2017 Jul 2017 | 3059233 | Title IX Litigation - John Doe | 6621 | $10,575.00 |
| Taft Stettinius & Hollister | 9/8/2017 Aug 2017 | 3073503 | Title IX Litigation - John Doe | 6621 | $1,125.00 |
| Taft Stettinius & Hollister | 10/10/2017 Sep 2017 | 3089491 | Title IX Litigation - John Doe | 6621 | $4,126.95 |
| Taft Stettinius & Hollister | 11/8/2017 Oct 2017 | 3099643 | Title IX Litigation - John Doe | 6621 | $1,125.15 |
| Taft Stettinius & Hollister | 12/7/2017 Nov 2017 | 3110279 | Title IX Litigation - John Doe | 6621 | $1,200.30 |
| Taft Stettinius & Hollister | 1/5/2018 Dec 2017 | 3120180 | Title IX Litigation - John Doe | 6621 | $350.00 |
| Taft Stettinius & Hollister | 2/12/2018 Jan 2018 | 3130513-B | Title IX Litigation - John Doe | 6621 | $2,250.00 |
| Taft Stettinius & Hollister | 3/6/2018 Feb 2018 | 3140399 | Title IX Litigation - John Doe | 6621 | $1,200.00 |
| Taft Stettinius & Hollister | 4/6/2018 Mar 2018 | 3153466 | Title IX Litigation - John Doe | 6621 | $2,300.00 |
| Taft Stettinius & Hollister | 5/4/2018 Apr 2018 | 3165010 | Title IX Litigation - John Doe | 6621 | $6,238.65 |
| | | | Total FY 2018 | | $30,491.05 |
| | | | Total Title IX Litigaton - John Doe ▓▓▓ | | $64,956.90 |

Defendants first attack what they describe as "block billing" by Plaintiff's counsel. However, this Court has observed that "block billing in and of itself is not improper in the attorney fee context." *Williamson v. Recovery Ltd. P'ship*, S.D.Ohio No. 2:06-cv-292, 2013 U.S. Dist. LEXIS 88962, at *29-30 (June 25, 2013), *citing Renneker v .Commissioner of Social Security*, No. 1:10-cv-386, 2011 U.S. Dist. LEXIS 150416, 2011 WL 6950510, at *8 (S.D. Ohio 2011) ("[T]he Court is able to ascertain the compensable work done despite the two instances of block billing. Accordingly, the Court declines to reduce the hours on the basis of plaintiff's counsel's billing practices."); *United States ex. el. MacKay v. Touchstone Research Laboratories, Ltd.*, No. 1:04-cv-327, 2009 U.S. Dist. LEXIS 90779, 2009 WL 3150385, at *4 (S.D. Ohio 2009) (rejecting defendants' block billing argument because the time entries sufficiently identified the subject matter of the work performed and the time expended). Tellingly, Defendants fail to direct this Court to any particular time entries where counsel is unable to determine that the

4

work done was compensable or that the tasks described were not, in fact, related.  As a result, without the identification of any specific deficiencies, the fee requests falls within the observation of the Sixth Circuit that block billing is acceptable "so long as the description of the work performed is adequate." *Smith v. Service Master Corp.*, 592 F. App'x 363, 371 (6th Cir. 2014).

Defendants next suggest that attorneys performed duplicative work.  The four entries identified by Defendants do not support this criticism, however.  The first two of the entries criticized involve short initial meetings, phone calls, and responses to defendants at the beginning of a case; a situation where it is appropriate for attorneys to work as a team as the facts and law are clarified.  For example, on July 14, 2016, both counsel spent an overlapping .4 hours discussing an appeal letter and strategy.  On July 21, 2016, both counsel overlapped for .2 hours on a phone call with the client.  The other two entries criticized by Defendant involved court hearings, such as the hearing on the preliminary injunction or a settlement conference – situations where, as the Court is aware, an appearance by multiple lawyers for a side is common an appropriate.  Indeed, the reasonableness of this practice can be seen by the fact that Defendants were *also* represented by more than one attorney.  The Court's entries confirm this:



Defendants next suggest that Plaintiffs are billing for, essentially, administrative work.  The one time entry identified by Defendants is a time entry from Ms. Tamashasky described as follows: "Notarize and complaint delivery to UC (client and general counsel office)."  What is important about this entry is the date: the same day the Complaint was filed.  Delivery of the Complaint to the General Counsel for UC by an attorney was appropriate because of the interim relief sought – counsel had an obligation to make sure that proper notice was provided to Defendants in a timely manner.  Otherwise,

6

the obligation of counsel to assure that documents submitted to the Court are accurate (proofread) and filed properly is appropriate, especially where this time is minimal.

Finally, Defendants suggest that time spent discussing the case with media and other attorneys is not compensable. Defendants cite no cases for the proposition, and Plaintiff observes that the time spent is both minimal and that the inquiries were not initiated by counsel. Moreover, discussing a matter of public interest with the media and receiving advice and counsel from other attorneys with experience in a particular field is appropriate. *See Chao v. Laurelbrook Sanitarium & School, Inc.*, E.D.Tenn. No. 1:07-CV-30, 2012 U.S. Dist. LEXIS 70880, at *19 (May 21, 2012) (allowing recover for time spent discussing matter with media that "were not efforts to sway public opinion, but rather an effort to explain" the litigation).

## CONCLUSION

This Court should issue an interim fee award for attorneys fees and expenses in the amount of $47,152.52.

Respectfully submitted,

_____/s/ Joshua Adam Engel_____
Joshua Adam Engel (0075769)
Anne Tamashasky (0064393)
ENGEL AND MARTIN, LLC
4660 Duke Dr., Ste 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the Court's CM/ECF system on May 20, 2018 upon all counsel of record.

_____/s/ Joshua Adam Engel_____
Joshua Adam Engel (0075769)